Break N Eat Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Susan H. Wilkie*, with her *Feldstein, Grinberg, Stein & McKee*, for appellant.

*William J. Kennedy*, Assistant Attorney General, with him *Gerald Gornish*, Attorney General, for appellee.

OPINION BY JUDGE MENCER, May 16, 1979:

An employer, Break N Eat Corporation, filed an appeal from the order entered by the Unemployment Compensation Board of Review (Board) which granted unemployment compensation benefits to William F. Wiest (claimant). The Bureau of Employment Security and a referee had denied benefits to claimant, and the Board had issued an order disallowing a further appeal to claimant. Thereafter, the claimant requested the Board to reconsider its order and, on August 3, 1977, the Board vacated its order, reopened the case, and directed a further hearing before a referee acting as a hearing officer for the Board, with notice to be given to all interested parties. The further hearing was held on September 8, 1977 with only the claimant and his attorney appearing before the referee.

After reviewing the transcript of the further hearing, the Board reversed the decision of the original referee and granted unemployment compensation

benefits to the claimant.[1] This appeal followed and we reverse and remand.

Since the record in this case[2] fails to indicate that notice of the further or remand hearing was given to the employer, a further hearing must be held to afford all interested parties the opportunity to be heard. *Mileski v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 334, 379 A.2d 643 (1977). It is well established that, when the Board allows an appeal, all parties shall have the opportunity to be heard. Such an opportunity is not available to an employer who has no notice of the scheduled hearing. This record does not disclose a notice to the employer of the remand hearing. Thus, for the reasons detailed in *Mileski v. Unemployment Compensa-*

---

[1] In the written discussion rendered by the Board as part of its decision, the Board stated that the employer's representative appeared and testified at the remand hearing. The record discloses otherwise since only the claimant and his attorney were present and participated in the remand hearing.

[2] Attached as an appendix to the Board's brief is a notice of hearing relative to the remand hearing, which indicates that it was mailed on August 31, 1977 to the employer. The employer claims that it did not receive such notice. We need not pass upon the legal question of whether or not receipt of the notice can be inferred from the presumption of the regularity of the acts of public officials or whether or not that presumption has been overcome in the instant case by the employer's past active participation in opposition to the claim and its continued insistence to place its defense on the record, since matters attached to or contained in briefs are not evidence and cannot be considered part of the record either before an administrative agency or on appeal. *See, e.g., Pennsylvania Labor Relations Board v. State Liquor Control Board*, 28 Pa. Commonwealth Ct. 145, 367 A.2d 805 (1977) ; *Department of Transportation, Bureau of Traffic Safety v. Shisslak*, 12 Pa. Commonwealth Ct. 168, 316 A.2d 684 (1974). It is a fundamental principle of appellate review that the appellate court is confined to the record before it, excluding matters or facts asserted in briefs. *See McCaffrey v. Pittsburgh Athletic Association*, 448 Pa. 151, 293 A.2d 51 (1972).

*tion Board of Review, supra,* this case must be remanded to the Board so that the employer may have the opportunity to participate in the remand hearing ordered by the Board.

ORDER

AND Now, this 16th day of May, 1979, the order of the Unemployment Compensation Board of Review granting unemployment compensation benefits to William F. Wiest is hereby reversed, and this case is remanded to the Board for further proceedings.

