452

Gregory V. Boulware, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; Penn Fibre & Specialty Co., Inc., Intervenor.

Argued October 3, 1979, before Judges ROGERS, DI-SALLE and CRAIG, sitting as a panel of three.

*Alan L. Phillips,* with him *Taylor Aspinwall,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

*Stephen I. Kasloff,* with him *Rappeport, Magil, Rappeport & Kasloff,* for intervenor.

Opinion by Judge DiSalle, November 29, 1979:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) reversing the decision of the referee and denying unemployment compensation benefits to Gregory V. Boulware (Claimant).

Claimant's application for benefits was denied by the Bureau of Employment Security[1] on the basis that his discharge was due to willful misconduct as defined in Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). On appeal and after a hearing, the referee reversed the Bureau's decision and awarded benefits. Penn Fibre & Specialty Co., Inc. (Employer) appealed to the Board for an additional hearing. After the second hearing, the Board reversed the referee and denied benefits to Claimant. We affirm the Board.

The following facts are not in dispute. Claimant had been employed as a punch press operator for six months preceding his discharge on March 9, 1978. During this period, Employer received complaints that some of its employes were smoking marijuana during working hours. In the wake of these complaints, Employer informed each and every employe that the extant rule prohibiting such conduct would be strictly enforced. Subsequently, Claimant was discharged for "using illicit marijuana on company premises."

Claimant's sole contention on appeal is that the Board's reversal is not based on substantial evidence. A careful reading of the notes of the two hearings convinces us that it was. At the first hearing before the referee, Employer offered only uncorroborated

---

[1] The Bureau has been renamed the Office of Employment Security. *See* 9 Pa. B. 2879 (1979).

hearsay that Claimant was seen smoking marijuana on the day of his discharge. The referee found that Employer never witnessed Claimant using marijuana and therefore had not proved any act of willful misconduct. However, at the second hearing, an Employer witness testified that he observed Claimant smoking marijuana in Employer's plant on the day of his discharge. Based on this evidence, the Board reversed the referee and denied Claimant benefits, concluding that this deliberate violation of an employer rule constituted willful misconduct. We agree and will affirm.

ORDER

AND Now, this 29th day of November, 1979, the order of the Unemployment Compensation Board of Review, dated November 20, 1978, denying Gregory V. Boulware, Claimant, unemployment benefits, is hereby affirmed.