George Wissman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Bensalem Township, Intervenor.

Jeffrey Wissman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Bensalem Township, Intervenor.

Timothy J. Donnelly, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Bensalem Township, Intervenor.

Arthur Witzel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Bensalem Township, Intervenor.

Raymond Mari, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Bensalem Township, Intervenor.

Kenneth M. Danfield, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Bensalem Township, Intervenor.

George Hackert, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Bensalem Township, Intervenor.

Submitted on briefs December 15, 1982, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*John Philip Diefenderfer, Struckert, Yates & Krewson,* for petitioners.

*Henry F. Huhn,* with him *Leslie G. Dias,* for intervenor.

No appearance for respondent.

OPINION BY JUDGE ROGERS, February 23, 1983:

The seven appellants in these unemployment compensation cases which we have consolidated were discharged from their employment with the Bensalem Township Public Works Department for the use of narcotics and dangerous drugs during working hours.

The appellants were declared eligible for unemployment compensation benefits by the Office of Employment Security. The employer appealed these decisions, and separate hearings were held by a referee. At each of these hearings, the employer's principal witness was an undercover agent who, for approximately three months, posed as a laborer in the Public Works Department and who testified concerning each claimant's use or purchase of marijuana, metham-

phetamine and/or quaaludes during working hours. The referee wrote a decision in each case and granted benefits to each claimant except one, Timothy Donnelly.

The employer appealed each of the decisions except that of Donnelly to the Unemployment Compensation Board of Review (Board). Donnelly appealed the referee's decision in his case. The Board made specific Findings and Conclusions as to claimants Timothy Donnelly and Kenneth Danfield, deciding that each was unemployed due to his own willful misconduct and therefore ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e). Of course, the Board affirmed the referee's decision in Donnelly and reversed in Danfield.

In the other five cases, those of George Hackert, George Wissman, Jeffrey Wissman, Arthur Witzel and Raymond Mari, the Board reversed the referee, rendering five identical decisions reading in full as follows:

## DECISION

AND NOW, November 6, 1981, it appearing that the issues of law and the facts involved in the above case are substantially the same as those involved in the claim of Kenneth M. Danfield, Decision No. B-200827, and it further appearing that said decision of the Board of Review is controlling and determinative of this case, the Board makes the following:

## ORDER

The decision of the Referee is reversed and benefits are denied.

All seven claimants have appealed.

We reverse the Board's orders and remand the cases of George Hackert, George Wissman, Jeffrey

Wissman, Arthur Witzel and Raymond Mari with direction that the Board provide a decision with findings and conclusions in its usual manner. While the issues of these cases are similar, each had its peculiar factual setting. The cases were not consolidated for hearing by the referee; and the referee's actions granting benefits which the Board reversed, were based on the referee's finding that the appellants had not engaged in the activities charged to them.

We proceed to the cases where the Board made findings and conclusions, those of Timothy Donnelly and Kenneth Danfield.

Both Donnelly and Danfield assert that the Board's findings that they used drugs while on the job are not supported by substantial evidence. We disagree. The employer's undercover agent testified to such occurrences and this sufficiently supports the finding of willful misconduct. *Boulware v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 452, 408 A.2d 564 (1979).

Donnelly also contends that the Collective Bargaining Agreement governing his employment required the employer to offer him rehabilitation. Donnelly's only support for this argument is a paragraph under a section of the Collective Bargaining Agreement entitled "Safety and Health," which provides:

5. Without affecting the existing rights and obligations of the parties recognized in the other provisions of this Agreement, Township and Union agree to cooperate in encouraging employees afflicted with alcoholism or drug addiction to undergo a program directed to their rehabilitation.

The employer's work rules included in the records of these cases list as the punishment for a first offense of the use of drugs during working hours as "5 days sus-

pension to dismissal." Thus, Donnelly's dismissal was regular.

At the hearing of Kenneth M. Danfield's case, one Scott Miller was a witness for Danfield. Miller was not a witness in any other of the cases. Miller testified that Danfield did not use drugs at the time and place testified to by the undercover agent. After the referee decided the case in Danfield's favor and the employer's appeal was pending with the Board, the employer's solicitor most improperly sent a letter to the Board informing it that Miller had, since the referee's hearing, been arrested and charged with possession of drugs.[1] The Board makes no reference to this communication in its decision but the letter is physically in the record certified to us.

It seems to us that the gross impropriety of this communication in combination with the Board's failure to specify the effect, if any, that the communication had on its determination places this case within the rule of *Grcich v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 62, 427 A.2d 299 (1981). In *Grcich* the Board granted the employer's request for reconsideration after receiving from the employer's counsel improper and potentially prejudicial letters substantially similar to those at issue in the instant case. We remanded the matter with directions that the Board set forth the basis upon which the request for reconsideration was granted and the effect, if any, the improper letters had on the determination. Similarly in this case the inexcusable conduct of the employer's solicitor requires us to remand the matter to the Board for further proceedings consistent with this opinion including the specification of the decisional role played by the *ex parte* attempt to impugn the credibility of the claimant's witness.

---

[1] Miller's charge and arrest record were later ordered expunged by the Court of Common Pleas of Bucks County.

Accordingly, we reverse the Board's orders in the matters of Hackert (2983 C.D. 1981), Witzel (2980 C.D. 1981), Mari (2981 C.D. 1981), George Wissman (2977 C.D. 1981), Jeffrey Wissman (2978 C.D. 1981) and remand the records for findings, conclusions and orders of the Board.

We affirm the Board's order in the matter of Donnelly (2979 C.D. 1981).

We reverse the Board's order in the matter of Danfield (2982 C.D. 1981) and remand for further proceedings consistent with this opinion.

---

### ORDER IN 2977 C.D. 1981

AND Now, this 23rd day of February, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby vacated, and the record is remanded for the purpose of making findings and conclusions consistent with this opinion.

---

### ORDER IN 2978 C.D. 1981

AND Now, this 23rd day of February, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby vacated, and the record is remanded to the Board for the purpose of making findings and conclusions consistent with this opinion.

---

### ORDER IN 2979 C.D. 1981

AND Now, this 23rd day of February, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

### ORDER IN 2980 C.D. 1981

AND Now, this 23rd day of February, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby vacated, and the record is remanded to the Board for the purpose of making findings and conclusions consistent with this opinion.

---

### ORDER IN 2981 C.D. 1981

AND Now, this 23rd day of February, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby vacated, and the record is remanded to the Board for the purpose of making findings and conclusions consistent with this opinion.

---

### ORDER IN 2982 C.D. 1981

AND Now, this 23rd day of February, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed and the record is remanded to the Board for further proceedings consistent with this opinion including the specification of the effect, if any, of the letter dated October 28, 1981 and indicated to have been received by the Board on November 4, 1981 from Henry F. Huhn, Esquire, counsel to the employer, Bensalem Township.

---

### ORDER IN 2983 C.D. 1981

AND Now, this 23rd day of February, 1983, the order of the Unemployment Compensation Board of Review, in the above-captioned matter is hereby va-

cated, and the record is remanded to the Board for the purpose of making findings and conclusions consistent with this opinion.