Octavio RUIZ, Petitioner

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted Sept. 9, 2005.
Decided Nov. 30, 2005.
As Amended Dec. 6, 2005.

Edith A. Pearce, Philadelphia, for petitioner.

James K. Bradley, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

Octavio Ruiz (Claimant) petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) denying his claim for unemployment compensation benefits. The Board, reversing the decision of a referee, found that Claimant had committed willful misconduct by smoking marijuana on his employer's property, which conduct rendered him ineligible for benefits. We affirm.

Claimant worked for Regal Corrugated Box Co., Inc. (Employer) as a machine operator. On October 1, 2004, Claimant was discharged for possessing and smoking marijuana on company property in violation of Employer's rules. The UC Service Center granted Claimant's claim for unemployment compensation benefits after finding that Claimant did not admit to the infraction and because Employer did not submit sufficient information to show that Claimant had committed the deed. Employer appealed, and a hearing was held before a Referee. At the hearing, Employer was represented by Joseph Piunti of Unemployment Tax Advisory Corporation, Employer's "duly authorized agent." Notes of Testimony, December 9, 2004, at 2 (N.T. ___). Unemployment Tax Advisory Corporation is not a law firm but a tax consultant. N.T., cover page. Claimant appeared *pro se*.

Employer offered the testimony of two of Claimant's supervisors, Rick Milewski and Timothy Edwards. Milewski and Edwards testified that on September 29, 2004, they observed Claimant move his car to the far end of the company parking lot during his break. As they approached Claimant's vehicle, they noticed smoke coming from the vehicle as well as the pungent smell of burning marijuana. Claimant was the only individual in the car at the time. Milewski and Edwards testified that they saw something "flicked out of the passenger's side window." N.T. 5,

13. Milewski retrieved a smoldering butt of a marijuana cigarette from the ground outside the car window, which he later entrusted to Abby Hoffman, Employer's CEO and president. As they escorted Claimant into the building, Milewski and Edwards discussed whether to have Claimant submit to a drug test but decided it was unnecessary since they had witnessed Claimant smoking marijuana, and they had the marijuana cigarette in their possession. Claimant did not deny smoking marijuana. Milewski, Edwards and Claimant met with the union steward, who did not request that Claimant submit to a drug test. The union steward signed off on Claimant's termination notice.

Employer offered into evidence a copy of its "Rules and Regulations," signed by Claimant. Among the offenses that "will subject employees to immediate dismissal" is "use or possession of illegal drugs or narcotics on Company premises." Employer's Exh. 1. Employer also offered a document signed by Claimant on January 2, 2001, acknowledging that "[Claimant] can be tested for drugs/alcohol at any time while on the job. A positive test result will be grounds for termination without recourse." Employer's Exh. 2.[1]

Employer also offered the testimony of Employer's CEO, Abby Hoffman, who testified that she retained the marijuana cigarette in a locked cabinet at the factory. She did not bring it to the hearing because the notice of hearing contained a warning against bringing drugs or alcohol onto the premises. The notice did not provide an exception for evidence to be presented.

The gravamen of Claimant's testimony was that Employer's witnesses had fabricated their statements. Claimant testified that it was customary for him to go out to his car and call his wife during his break, and that he usually smoked a cigarette. He stated that he moved his car to the far end of the parking lot because he saw Milewski and Edwards watching him from the window. He believed that his supervisors were conspiring to fire him in retaliation for a union grievance he had filed. Claimant argued that, because Milewski and Edwards observed him with a phone in one hand and a cigarette in the other, it would have been physically impossible for him to throw anything from the car while both of his hands were occupied. Claimant agreed with the two supervisors that, on the day in question, he did not deny smoking marijuana.

Claimant explained that in an effort to exonerate himself, he requested his personal physician perform a drug test; the test, done on December 11, 2004, indicated a negative result for marijuana. The Referee admitted the drug test results for the limited purpose of establishing Claimant's state of mind, and to establish that he attempted to take a drug test to prove he was not smoking marijuana on September 29, 2004.[2]

The Referee affirmed the determination of the UC Service Center, finding that Employer failed to prove that Claimant possessed and used marijuana in the workplace. Because Employer failed to prove willful misconduct, Claimant was found eligible for benefits.

---

1. Milewski testified that Claimant was asked to sign this so-called "last chance agreement" after he tested positive for drugs in 2001. N.T. 9. The agreement was also acknowledged by Claimant's union representative and his supervisor.

2. Lacking a foundation, the actual results, done on December 11, 2004, were not admitted as evidence probative on the question of whether Claimant used marijuana on September 29, 2004.

Employer appealed, and the Board reversed. The Board found that there was sufficient direct and circumstantial evidence that Claimant possessed and used illegal drugs while on company property. Claimant's conduct violated both his last chance agreement with Employer and Employer's work rules. Accordingly, the Board concluded that Claimant's willful misconduct rendered him ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law).[3] Claimant now petitions this Court for review.[4]

On appeal, Claimant raises two issues.[5] First, Claimant contends that the testimony of Employer's witnesses, absent additional drug test results, was not sufficient substantial evidence to support the Board's finding that Claimant possessed and used illegal drugs on Employer's property. Second, Claimant contends that the Board erred when it relied upon the evidence developed at the hearing by a non-lawyer acting on Employer's behalf.

■ We consider, first, Claimant's argument that the Board's findings were not supported by substantial evidence. In this regard, Claimant challenges the veracity of Milewski's and Edward's testimony and asserts that the Board should have accepted his version of the facts. Claimant also contends that Employer's evidence was insufficient to establish his violation of a workplace rule "beyond a reasonable doubt." Claimant's Brief at 12.

■ It is well-settled that an employer bears the burden of proving willful misconduct on the part of a discharged employee. *Caterpillar, Inc. v. Unemployment Compensation Board of Review,* 550 Pa. 115, 123, 703 A.2d 452, 456 (1997). Whether a claimant's actions constitute willful misconduct, so as to disqualify him from receiving unemployment benefits, is a question of law that is fully reviewable by this Court. *Lindsay v. Unemployment Compensation Board of Review,* 789 A.2d 385, 389–390 (Pa.Cmwlth.2001). Willful misconduct has been judicially defined as, *inter alia,* a deliberate violation of the employer's rules. *Caterpillar, Inc.,* 550 Pa. at 123, 703 A.2d at 456. Where a work rule violation is alleged, employer has the burden of establishing the existence of the rule and its violation. *Id.*

■ In this case, Employer established, through documentary evidence, the existence of a rule prohibiting the possession or use of illegal drugs on Employer's prop-

---

**3.** Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). Section 402(e) provides that an employee shall be ineligible for benefits for any week "in which his unemployment is due to his discharge ... for willful misconduct connected with his work...."

**4.** Our scope of review is limited to determining whether constitutional rights have been violated, errors of law were committed, or whether findings of fact were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Sheets v. Unemployment Compensation Board of Review,* 708 A.2d 884, 885 n. 3 (Pa.Cmwlth. 1998).

**5.** Claimant identified four issues in his brief:

(1) Whether the Board erred when it determined that there was sufficient evidence that Claimant was using illegal drugs;

(2) Whether the Board erred when it determined that there was sufficient evidence that Claimant possessed illegal drugs;

(3) Whether the Board's findings of fact are supported by the Record when it is viewed in its entirety; and

(4) Whether the Board erred when it relied on evidence developed at a hearing where the employer was represented by [a] non-lawyer engaged in the unauthorized practice of law.

We have consolidated the first three questions for purposes of review and discussion in this opinion.

erty. Claimant acknowledged receipt of Employer's Rules and Regulations by his signature on the document. Thus, the focus of our inquiry is whether Employer offered substantial evidence that Claimant violated the rule.[6]

Substantial evidence has been generally defined as relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Burrell v. Workers' Compensation Appeal Board (Philadelphia Gas Works and Compservices, Inc.)*, 849 A.2d 1282, 1288 (Pa. Cmwlth.2004). Circumstantial evidence, if substantial, is sufficient to support a finding of willful misconduct. *Heffelfinger v. Unemployment Compensation Board of Review*, 60 Pa.Cmwlth. 280, 431 A.2d 380, 383 (1981). The fact that a witness has presented a different version of the facts as found by the Board is not a basis for reversal if substantial evidence supports the Board's findings. *Tapco v. Unemployment Compensation Board of Review*, 168 Pa.Cmwlth. 292, 650 A.2d 1106, 1108–1109 (1994). Finally, questions of credibility, resolution of conflicts in the evidence presented, and the weight to be given evidence are matters for the Board, as the ultimate factfinder, to resolve. *Wysocki v. Unemployment Compensation Board of Review*, 87 Pa.Cmwlth. 260, 487 A.2d 71, 73 (1985).

The Board found, based on the testimony of Milewski and Edwards, that Claimant was the only individual in his car at the time of the incident; that an odor of marijuana was emanating from Claimant's vehicle; and that Claimant threw the stub of a marijuana cigarette from the car. All parties agreed that Claimant did not deny using marijuana when confronted by Milewski and Edwards. The direct and circumstantial evidence was sufficient to support the Board's finding that "[C]laimant was in possession [of] and was using illegal drugs while on company property," in clear violation of Employer's workplace rule. Board Opinion, March 29, 2005, at 2.[7] Claimant's arguments, which essentially highlight conflicts between his version of the events and what was recounted by his supervisors, are nothing more than challenges to the Board's determinations on credibility and weight of the evidence. We decline Claimant's invitation to reweigh the evidence and accept his version of the facts.

We turn, next, to Claimant's second issue, in which he contends that Employer was unlawfully represented before the Referee by its tax consultant, Unemployment Tax Advisory Corporation, which is not a law firm. Citing this Court's recent *en banc* decision in *Harkness v. Unemployment Compensation Board of Review*, 867 A.2d 728 (Pa.Cmwlth.2005), *appeal granted*, —— Pa. ——, 885 A.2d 980 (No. 193 MAL 2005, filed September 28, 2005), Claimant maintains that the Board committed reversible error by relying upon

---

**6.** The substantial evidence standard is well-settled in unemployment compensation law. Therefore, we reject Claimant's argument that Employer was required to prove "beyond a reasonable doubt" that he violated a workplace rule.

**7.** The Board's specific finding that Claimant possessed and used illegal drugs on Employer's property distinguishes this case from *Neimeic v. Unemployment Compensation Board of Review*, 59 Pa.Cmwlth. 604, 430 A.2d 697 (1981), on which Claimant relies. In *Neimeic*, the Board "failed to find that [Neimeic] was in possession of or smoking marijuana in [his] van. Possession or use of the illegal drug was the critical factual issue." *Id.* at 700. In the present case, on this critical factual issue the Board found otherwise, *i.e.*, that Claimant was in possession of and smoking marijuana.

evidence presented by an individual engaged in the unauthorized practice of law.[8]

 We agree with Claimant that Mr. Piunti, a representative of Unemployment Tax Advisory Corporation, engaged in the practice of law at the Referee's hearing. We disagree, however, that the Board's decision must be reversed or vacated on that basis. First, the claimant in *Harkness* objected at the referee's hearing to the employer's representation by a non-lawyer. In this case, Claimant did not raise the issue until he filed his petition for review with this Court. A claimant waives review of an issue by failing to raise it before the referee. *Schaal v. Unemployment Compensation Board of Review*, 870 A.2d 952, 954–955 (Pa.Cmwlth.2005). Second, the *Harkness* rule applies only to proceedings filed before the Board after the date of that decision, or February 3, 2005.[9] A review of the record confirms that Employer filed its appeal with the Board on January 14, 2005, prior to the decision in *Harkness*. This case, therefore, cannot be remanded to the Board on the basis of Mr. Piunti's representation of Employer at the Referee's hearing.

Accordingly, the Court affirms the order of the Board denying benefits to Claimant under Section 402(e) of the Law.

8. In *Harkness*, this Court recognized that Section 702 of the Law, 43 P.S. § 862, and departmental regulations promulgated thereunder at 34 Pa.Code § 101.41, permit a claimant to be represented by a non-lawyer in an unemployment compensation proceeding. This is a limited exception, however, to the prohibition on the unauthorized practice of law before the courts or administrative agencies. We declined to extend the exception to allow a corporate employer to be represented by a "duly authorized agent" who is not licensed to practice law.

The General Assembly amended the Law by adding Section 214 which provides as follows:

### ORDER

AND NOW, this 30th day of November, 2005, the order of the Unemployment Compensation Board of Review dated March 29, 2005, in the above-captioned matter is hereby affirmed.

Any party in any proceeding under this act before the department, a referee or the board may be represented by an attorney or other representative.

Act of June 15, 2005, P.L. 8, 43 P.S. § 774 (effective immediately).

9. This Court specifically provided in *Harkness* that "[t]his decision shall not apply retroactively but shall only apply to proceedings before the Board filed after the date of this decision." *Harkness*, 867 A.2d at 733. *Harkness* was decided on February 3, 2005.