Commonwealth *v.* U. S. Commercial Services, Inc., Appellant.

Argued March 24, 1955. Before Rhodes, P. J., Hirt, Ross, Gunther, Wright, Woodside, and Ervin, JJ.

*Nathan Lavine,* with him *Erwin L. Pincus* and *Miller, Adelman & Lavine,* for appellant.

*Victor Wright,* Assistant District Attorney, with him *Samuel Dash,* First Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

*Robert D. Abrahams* and *David H. Kubert* submitted a brief for Legal Aid Society, under Rule 46.

OPINION BY GUNTHER, J., September 30, 1955:

The defendant corporation was convicted and fined for a violation of the Unlawful Collection Agency Practices Act of June 24, 1939, P. L. 872, Sect. 895, 18 P.S. 4895. Section e of the Act provides: "It is unlawful for a collection agency to act for, represent or undertake to render services for any debtor with regard to the proposed settlement or adjustment of the affairs of such debtor . . . ." Defendant admittedly performed services for a debtor, in that it consolidated all the debts of an individual, made arrangements to pay each creditor regularly, and collected a specific amount each week from the debtor to do this. A specified fee was charged for this service. It was determined by the trial judge that defendant was a collection agency, and, having performed a service for a debtor, was guilty as charged. On refusal of a new trial judgment was entered and defendant has appealed on the ground that it was not proven to have been a collection agency.

In order to prove that defendant was a collection agency, the Commonwealth relies on the defendant's articles of incorporation, which include among other

purposes the power to "Carry on the general business of a collection agency" and "to act as agents for creditors in the collection of debts." Although there was no direct evidence that defendant actually represented creditors or acted as a collection agency, the Commonwealth contends that defendant was, by virtue of its articles of incorporation, holding itself out as a collection agency, while actually representing a debtor. "While the purpose stated in the charter is not conclusive of the nature and character of the business to be transacted, it does primarily indicate the purpose for which the corporation is created. Of course it may be made to appear either in point of fact or as a matter of law that a company so incorporated is not what it purports to be, but the burden rests upon those who challenge the primary purpose stated in the certificate of incorporation to show that it is something different." *Com. v. Filbert Paving & Construction Co.*, 229 Pa. 231.

Defendant contends that the presumption raised by the corporate powers in the charter was rebutted by the testimony of the president of defendant corporation. However, he testified only that defendant did not represent any creditors and that defendant's "major business is Consolidation of debts and budgeting income so that they can pay their creditors." He did not deny that defendant was holding itself out as a creditors' representative or that it was seeking creditors as clients. This testimony cannot be considered as a rebuttal of the presumption arising from the charter.

The evil which the Unlawful Collection Agency Practices Act was designed to eliminate was the practice of representing both debtors and creditors at the same time. Although it was not proven that defendant actually represented creditors at the time it performed

services for this debtor, it was within its corporate powers to do so and was clearly holding itself out in the capacity of a collection agency. Under such circumstances defendant was properly found guilty of the violation with which it was charged.

Judgment of sentence affirmed.