Scott NOLAN, d/b/a Medical Assistance Counseling, Individually and on Behalf of Kuleo Holmes, Petitioner,

v.

DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Argued May 9, 1995.

Decided Sept. 28, 1995.

Publication Ordered March 26, 1996.

Rocco C. Cipparone, Jr., for petitioner.

Jeffrey B. Schwartz, for HHL Financial Services, Inc., amicus curiae.

Jason W. Manne, Assistant Counsel, for Respondent.

Before McGINLEY and SMITH, JJ., and LORD, Senior Judge.

SMITH, Judge.

Scott Nolan, doing business as Medical Assistance Counseling, individually and on behalf of Kuleo Holmes, a medical assistance applicant, petitions for review of the final order of the Secretary of the Department of Public Welfare (Secretary). Upon reconsideration, the Secretary affirmed that part of the final administrative action order issued by the Department of Public Welfare's (DPW) Office of Hearing and Appeals (OHA) which prohibited Nolan from representing clients before the OHA. The Secretary reversed that part of the OHA order dismissing with prejudice Holmes' appeal from a

notice of ineligibility for retroactive medical assistance benefits; the Secretary ordered that the dismissal was without prejudice to allow Holmes an opportunity to represent himself or to secure other appropriate representation.

On November 11, 1992, Holmes was admitted to Presbyterian Medical Center (Presbyterian) for injuries he received as a result of an assault committed against him by six men. The following day, he executed a power of attorney authorizing Presbyterian "or its designee" to obtain payment of medical assistance benefits on his behalf. Presbyterian through Nolan and on behalf of Holmes applied for medical assistance benefits in the amount of $14,648.30. The Allegheny County Assistance Office (CAO) denied his claim because third-party liability information was not provided on the application.

I

On appeal, the OHA did not reach the issue of whether CAO's denial was proper because it determined that Nolan is a collection agency and as such cannot represent Presbyterian or Holmes in a hearing before the OHA pursuant to Section 7311 of the Crimes Code entitled Unlawful collection agency practices (Code), *as amended*, 18 Pa. C.S. § 7311, and because Nolan is illegally engaged in the practice of law pursuant to 42 Pa.C.S. § 2524. The Secretary affirmed the OHA's order prohibiting Nolan from representing clients before the OHA, and Nolan appealed to this Court.[1]

Nolan argues that he had full legal authority from Holmes to represent him before the OHA because the power of attorney provided Presbyterian "or its designee" authority to represent Holmes in obtaining medical assistance benefits. Nolan contends that he is neither a credit agency nor engaged in representing Holmes as a creditor in procurement

1. This Court's scope of review is limited to a determination of whether DPW's adjudication is supported by substantial evidence, is in accordance with the law or whether constitutional rights were violated. *Health Care & Retirement Corp. v. Department of Public Welfare*, 159 Pa.Commonwealth Ct. 8, 632 A.2d 964 (1993), *appeal denied*, 538 Pa. 616, 645 A.2d 1319 (1994). DPW's interpretation of its regulations is entitled to judicial deference unless plainly erroneous, inconsistent with the regulation, or contrary to the enabling statute. *Grandview Health Homes, Inc. v. Department of Public Welfare*, 122 Pa.Commonwealth Ct. 356, 552 A.2d 720 (1988). Deference to DPW's interpretation is not required where the agency's interpretation is unreasonable. *Health Care & Retirement Corp.*

of the medical assistance benefits. Nolan also argues that his representation of Holmes does not violate 42 Pa.C.S. § 2524 because hearings conducted by the OHA are not sufficiently analogous to judicial proceedings, and participation by non-lawyers in appeals before the OHA is expressly authorized by DPW's regulations.[2]

DPW's regulation appearing at 55 Pa. Code § 275.4(a)(1)(iv) requires the CAO to advise an applicant seeking medical assistance benefits "that he may be represented by an attorney, relative, friend or other spokesman." Section 1 of the Code, provides in relevant part as follows:

**(b) Appearance for creditor.**—It is unlawful for a collection agency to appear for or represent a creditor in any manner whatsoever, but a collection agency, pursuant to subsection (a), may bring legal action on claims assigned to it and not be in violation of subsection (c) if the agency appears by an attorney.

**(c) Furnishing legal services.**—It is unlawful for a collection agency to furnish, or offer to furnish legal services, directly or indirectly, or to offer to render or furnish such services within or without this Commonwealth. The forwarding of a claim by a collection agency to an attorney at law, for the purpose of collection, shall not constitute furnishing legal service for the purposes of this subsection.

. . . .

**(h) Definitions.**—As used in this section the following words and phrases shall have the meanings given to them in this subsection:

"**Claim.**" Includes any claim, demand, account, note, or any other chose in action or liability of any kind whatsoever.

"**Collection agency.**" A person, other than an attorney at law duly admitted to practice in any court of record in this Commonwealth, who, as a business, enforces, collects, settles, adjusts, or compromises claims, or holds himself out, or offers, as a business, to enforce, collect, settle, adjust, or compromise claims.

18 Pa.C.S. § 7311. Therefore, the threshold question for this Court to determine is whether the record supports DPW's determination that Nolan was acting as a collection agency in the instant matter.

## II

The record is devoid of any evidence that Nolan attempted to enforce, collect, settle, adjust or compromise claims for medical assistance benefits before the OHA. The plain words of the contract between Presbyterian and Nolan reflect that, in exchange for remuneration, Nolan promises to escort patients to medical assistance application appointments, initiate and submit medical assistance applications, and perform information-gathering services regarding third-party payors. Thus the contract embodying the agreement between Presbyterian and Nolan requires Nolan to process medical assistance eligibility applications for Presbyterian patients and, on its face, falls far short of constituting substantial evidence to support DPW's determination that Nolan was acting as a collection agency. *See* Nolan's Exhibit, No. A–5.

During the telephone hearing before the OHA, Nolan denied that he was retained to act as a collection agency or to collect money for Presbyterian, and DPW failed to present any evidence to refute Nolan's testimony. Contrary to the findings of the OHA, the fact that a hospital employee witnessed the power of attorney and signed the application for benefits on behalf of Presbyterian rather than Nolan is insufficient to support a finding that the relationship between Presbyterian and Nolan was anything other than that described in their contract. *Compare Commonwealth v. U.S. Commercial Servs., Inc.,* 179 Pa.Superior Ct. 395, 116 A.2d 745 (1955) (where articles of incorporation identify the corporate purpose as to carry on the general

---

**2.** HHL Financial Services, Inc., et al, participated in this appeal as an amicus curiae in support of Nolan's position that federal and state laws governing Pennsylvania's medical assistance program guarantees an applicant the unrestricted right to select a representative of choice to assist in seeking medical assistance benefits, and that DPW's interpretation of Nolan's status in this case is an attempt to alter the substantive content of the term "other spokesman" as used in 55 Pa.Code § 275.4(a)(1)(iv).

business of a collection agency, the testimony of the corporation's president that, inter alia, the corporation did not represent creditors was insufficient to rebut the presumption that the corporation was a collection agency).[3]

This Court is unpersuaded by DPW's argument that the mere act of filing an administrative agency appeal or appearing at an OHA hearing to challenge an eligibility determination is analogous to the act of initiating a lawsuit to enforce or collect claims as contemplated by Section 7311 of the Code. Nolan, as a representative of Holmes, was before the OHA seeking a determination as to Holmes' eligibility for medical assistance benefits. Hence, no claim for benefits had yet arisen for Nolan to collect or to enforce by way of litigation; and the fact that Nolan receives remuneration from Presbyterian for his services has no relevance to the question of whether he is entitled to represent Holmes in these proceedings. *See* 55 Pa.Code § 275.4(a)(1)(iv) (indicating that a spokesperson can be retained).

■ With respect to OHA's determination that Nolan was illegally practicing law, it is beyond dispute that parties generally do not have a right to be represented by non-lawyers before Pennsylvania courts and most administrative agencies. *Shortz v. Farrell*, 327 Pa. 81, 193 A. 20 (1937) (lay persons may not represent parties in workers' compensation proceedings). However, this rule is not without exceptions in the administrative agency area. *See Department of Public Welfare v. Ziegler*, 117 Pa.Commonwealth Ct. 79, 542 A.2d 226 (1988) and *McCain v. Curione*, 106 Pa.Commonwealth Ct. 552, 527 A.2d 591 (1987) (recognizing that Section 702 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 862, and departmental regulations promulgated thereunder at 34 Pa.Code § 101.41, permit non-lawyer representation in unemployment compensation proceedings).

■ Non-lawyer representatives are clearly permitted to represent medical assistant applicants in appeals before the OHA pursuant to 55 Pa.Code § 275.4(a)(1)(iv). *See also* 42 C.F.R. § 431.206(b)(3) (requiring the state agency responsible for operating the state medicaid program to advise each applicant in writing "that he may represent himself or use legal counsel, a relative, a friend, or other spokesman.") Although DPW acknowledges that its regulations "are intended to fall within a narrow exception to the unauthorized practice of law statutes," DPW's brief at 12, the Department contends that the regulations do not create a corresponding right in non-lawyers to go into the business of representing applicants and thereby illegally practicing law.

This Court has found no provision limiting Rule 275.4(a)(1)(iv) to only non-lawyer spokespersons who do not charge for their services and no evidence that Nolan was actually portraying to the public that he had the authority to practice law as prohibited by 42 Pa.C.S. § 2524 and Section 7311(c). Consequently, DPW's interpretation of its regulations to add the condition that a spokesperson cannot receive remuneration for his or her services in processing medical assistance applications is plainly inconsistent with the regulations and further, constitutes impermissible rulemaking. *Grandview Health Homes, Inc. v. Department of Public Welfare*, 122 Pa.Commonwealth Ct. 356, 552 A.2d 720 (1988). *Accord Health Care & Retirement Corp. v. Department of Public Welfare*, 159 Pa.Commonwealth Ct. 8, 632 A.2d 964 (1993), *appeal denied*, 538 Pa. 616, 645 A.2d 1319 (1994) (DPW's interpretation of its regulations was determined to be unreasonable as the department's interpretation effectively rewrote the regulation's provisions).

■ DPW's assertion that Nolan lacks standing to act on behalf of any rights granted to Holmes by Rule 275.4(a)(1)(iv) likewise are unfounded. Holmes, via the power of attorney, unquestionably granted Presbyterian or its designee the right to seek medical

---

**3.** In *U.S. Commercial Servs., Inc.*, the Superior Court was applying Section 895(e) of the Unlawful Collection Agency Practices Act, Act of June 24, 1939, P.L. 872, formerly 18 P.S. § 4895(e), repealed by the Act of December 6, 1972, P.L. 1482. A similar provision now appears at Section 7311(d) of the Code, 18 Pa.C.S. § 7311(d).

assistance benefits on his behalf. DPW has provided no evidence to impeach the authenticity of Holmes' power of attorney and 20 Pa.C.S. § 5602(a)(21) supports a determination that the pursuit of government benefits is an appropriate subject for a power of attorney. Accordingly, the order of the Secretary prohibiting Nolan from representing applicants before the OHA and dismissing Holmes' appeal is reversed and this matter is remanded to DPW for a decision on the merits of Holmes' appeal including whether Holmes is entitled to medical assistance benefits due to any delay in rendering a decision on the part of the CAO.

McGINLEY, J., concurs in the result only.

### ORDER

AND NOW, this 28th day of September, 1995, the order of the Secretary of the Department of Public Welfare is reversed, and this matter is remanded to the Department for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.