Lani G. HARKNESS, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 2004.

Decided Feb. 3, 2005.

Steven E. Hoffman, Allentown, for petitioner.

Gerard M. Mackarevich and Roger H. Caffier, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and McGINLEY, J., SMITH–RIBNER, J., LEADBETTER, J., COHN JUBELIRER, J., SIMPSON, J., and LEAVITT, J.

OPINION BY Judge McGINLEY.

Lani G. Harkness (Claimant) petitions for review of the order of the Unemployment Compensation Board of Review (Board) which affirmed the Referee's denial of benefits by Federated Logistics t/a Macy's Department Store (Employer) pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1]

The facts initially found by the Referee and adopted by the Board are as follows:

1. For this appeal, the claimant was last employed by Federated Logistics t/a Macy's Department Store for about 26 months. The claimant's last day of work was August 22, 2003, at the wage rate of $10.80 per hour plus 3% commission.

2. The claimant was employed by Macy's, as a beauty advisor for Estee Lauder products.

3. On August 11, 2003, a customer became somewhat rude with the claimant in a discussion about an eye concealer product, which was not presently available, and its potential price if ordered.

4. The customer then informed the claimant she did not want a "bitch" like her to wait on her.

5. The claimant, despite the accelerated confrontation, did not attempt to obtain a supervisor or manager, nor request that a nearby co-worker do so for her.

6. The customer made gestures such as kissing sounds, which the claimant found offensive and asked the claimant how old she was.

7. The claimant considered calling security but did not do so.

8. Ultimately the claimant told the customer "get your fat ass out of here."

9. As the claimant was aware from the rules in the employee handbook, the use of lewdness and/or use of obscenities or vulgarities towards a customer may be

[1]. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

grounds for immediate termination without prior warning.

10. The claimant was not immediately disciplined by her department manager, who then intervened to appease the customer, but on August 22, 2003 (the claimant had a one week vacation during the interim), the claimant was called into the store manager's office and terminated from the employment for her remark to the customer.

Referee's Decision (Decision), November 4, 2003, Findings of Fact Nos. 1–10 at 1–2.

Claimant applied for unemployment compensation benefits and was denied benefits by a UC Service Center. Claimant appealed to the Referee. At the hearing, Employer was represented by William Forrest (Forrest) an employee of TALX UC EXPRESS, a company located in St. Louis Missouri, in the business of representing other companies in unemployment compensation cases.[2] Forrest was not an attorney. Claimant objected to Employer's representation by Forrest on the grounds that Forrest was not an attorney. The Referee overruled Claimant's objection on this point and proceeded to hear the case. Forrest cross-examined Claimant, indicated that he had "no objections" to the admission of certain documentary evidence, offered an exhibit into evidence, and made a closing statement. The Referee issued a decision, based in part, on evidence developed by Forrest during the hearing.

On appeal,[3] Claimant asserts it was error to permit Employer to be represented at the hearing by a non-employee, non-attorney, "tax consultant." Claimant also

argues the Referee and the Board erred by concluding that she engaged in willful misconduct. She maintains her response was provoked by the customer and her language was *de minimis*.

First, Claimant asserts it was an error of law to permit Employer to be represented by a non-employee, non-attorney, "tax consultant." Claimant maintains that Employer's representation by Forrest constituted the unauthorized practice of law.

Employer contends that this Court should affirm the Board's approval of the Referee's decision to allow Employer to be represented by Forrest and that this Court should take into account the "informal nature of these proceedings and the relatively small amounts in controversy." Employer's Brief, May 27, 2004, at 10–11. Employer further contends that Forrest's role before the Board was not to render legal advice or otherwise practice law. Citing *Henize v. Giles*, 22 Ohio St.3d 213, 490 N.E.2d 585 (986), rather, Employer contends that the appearance of lay participants, such as Forrest, "facilitate the hearing process by serving as an adjunct to the claimant or employer in the sharing of their respective versions of the circumstances attendant to the claim." Board's Brief, May 27, 2004, at 11. This Court does not agree.

■ In considering whether an activity is encompassed within the scope of the practice of law, the type of tribunal or character of the proceeding is unimportant. "Where the application of legal knowledge and the technique is required, the activity constitutes [the practice of law]

---

**2.** Forrest indicated that TALX UC Express "represent[s] a lot of employers." Notes of Testimony, October 9, 2003, (N.T.) at 7.

**3.** Our review in an unemployment compensation case is limited to a determination of whether constitutional rights were violated,

errors of law were committed, or essential findings of fact were not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review*, 161 Pa. Cmwlth. 464, 637 A.2d 695 (1994).

even if conducted before a so-called Administrative Board or Commission. It is the character of the Act and not the place it is performed which is the decisive factor." *Shortz et al. v. Farrell,* 327 Pa. 81, 85, 193 A. 20, 21 (1937); *See also Westmoreland County v. RTA Group,* 767 A.2d 1144 (Pa.Cmwlth.2001) (RTA engaged in the unauthorized practice of law before the assessment board where application of legal judgment was necessary to complete the "grounds for appeal" section of the appeal form as it required familiarity with statutes and court rulings).

In *Shortz,* our Pennsylvania Supreme Court outlined three broad categories of activities that constitute the practice of law: (1) the instruction and advising of clients in regard to the law so that they may pursue their affairs and be informed as to their rights and obligations; (2) the preparation of documents for clients requiring familiarity with legal principles beyond the ken of ordinary laypersons; and (3) the appearance on behalf of clients before public tribunals, the application of rules of evidence, the examination and cross-examination of witnesses, and presentation of arguments in order to assist the deciding official in the proper interpretation and enforcement of the law. *Shortz,* 327 Pa. at 84–85, 193 A. at 21.

■ Here, there is no doubt that Forrest engaged in the practice of law when he appeared at the hearing before the Referee and assumed the role of advocate in furtherance of Employer's position that Claimant was discharged because of willful misconduct and that she had no right to receive unemployment compensation bene-fits. He conducted cross-examination. He made decisions regarding evidentiary matters, and a closing legal argument. In sum, Forrest performed the paradigmatic functions of an attorney-at-law. In so doing, he implicitly represented that he had the technical competence to analyze the legal problem faced by the Board, and that he had the requisite character qualifications to act in a representative capacity. *See Dauphin County Bar Association v. Mazzacaro,* 465 Pa. 545, 351 A.2d 229 (1976). This Court concludes Forrest was, in fact, engaged in the practice of law in this Commonwealth during his appearance before the Referee on Employer's behalf.

Next, this Court must analyze whether Forrest engaged in the *unauthorized* practice of law.

■ As a general rule, a non-attorney may not represent parties before the Pennsylvania courts or administrative agencies. *Nolan v. Department of Public Welfare,* 673 A.2d 414 (Pa.Cmwlth.1995). There are, of course, exceptions to this rule. For example, in *McCain v. Curione,* 106 Pa.Cmwlth. 552, 527 A.2d 591 (1987)[4] this Court recognized that Section 702 of the Unemployment Compensation Law, 43 P.S. § 862, and departmental regulations promulgated thereunder at 34 Pa.Code § 101.41, permit *an individual claiming unemployment compensation* to be represented by a non-lawyer in an unemployment compensation proceeding.[5] Employer asserts that this limited exception, which expressly applies to "individuals claiming unemployment compensation", should, by the same token, allow a corporate Employer to be represented by its

---

4. *McCain* involved motions made on behalf of a prisoner in a civil action that were filed by another prisoner who was not licensed to practice law.

5. Section 702 of the Law provides that "any **individual** claiming unemployment compensation before the department, the board, or referee may be represented by counsel or other duly authorized agent." 43 P.S. § 862. (Emphasis added).

non-employee, non-attorney "duly authorized representative." Again, this Court disagrees.

In *The Spirit of the Avenger Ministries v. Commonwealth of Pennsylvania,* 767 A.2d 1130 (Pa.Cmwlth.2001), this Court held that The Spirit of the Avenger Ministries, a non-profit association, could not be represented by its pastor, a non-attorney, in its appeal to this Court. Citing *Smaha v. Landy,* 162 Pa.Cmwlth. 136, 638 A.2d 392 (1994), *petition for allowance of appeal denied,* 539 Pa. 660, 651 A.2d 546 (1994) and *Walacavage v. Excell 2000, Inc.,* 331 Pa.Super. 137, 480 A.2d 281 (1984), this Court reiterated the well recognized principle that a corporation, with very limited exceptions, which do not apply here, may act before a court only through an agent duly authorized to practice law.[6]

Although not controlling, it is instructive that other jurisdictions have applied this principle and held that a non-attorney does not have the right to practice unemployment compensation law in an adversary proceeding before an administrative agency.

In *Reed v. Labor and Industrial Relations Commission,* 789 S.W.2d 19 (Mo. 1990), the Missouri Supreme Court, en banc, held that the submission of an application for review and letter briefs to the Labor and Industrial Relations Commission (Commission) by a non-attorney, local personnel employee of K–Mart constituted the unauthorized practice of law. The Commission's regulation specifically provided that "Any individual may appear for him/herself in any [unemployment compensation] hearing" and that "no one who is not an attorney may appear in a representative capacity." 8 C.S.R. 20–4(8). The Court held from that date forward, (with the exception of cases pending before the Commission), all corporate employers must act by and through licensed Missouri attorneys in all future proceedings before the Commission. The Court reasoned:

> The Court reads the regulation as consistent with recognized law that a corporation may not appeal except through an attorney in legal proceedings. The regulation recognizes that individuals and partnerships may appear for themselves but, because they are an artificial entity, corporations or associations must be represented by an attorney. Clark v. Austin, 101 S.W.2d at 982. However the Commission may have interpreted the statutes or regulation in the past, the Court now holds that allowing a non-attorney corporate employee to file an application for review with the Commission is the unauthorized practice of law. The right to conduct business in corporate form also includes the obligations to do so in a lawful manner.

*Reed,* 789 S.W.2d at 23. *See also Anamax Mining Company v. Arizona Department of Economic Security,* 147 Ariz. 482, 711 P.2d 621 (1985) (a corporate employer could not be represented by the employer's labor relations administrator, who was not a duly authorized agent working under

---

**6.** Employer contends that the Board's regulations permit non-representation of "parties" and this should apply equally to individuals and corporate employers. However, Section 702 of the Law, 43 P.S. § 862, could not be any clearer. Any **"individual claiming unemployment compensation"** "may be represented by counsel or **other duly authorized agent."** This is consistent with recognized law that corporations must be represented by legal counsel. Whether employers and claimants should be treated "equally" is not the proper inquiry before this Court. The issue presented is whether Forrest, a non-employee, non-attorney, tax consultant from St. Louis, Missouri engaged in the unauthorized practice of law before the unemployment compensation Referee when he represented the corporate Employer in this case. This Court has specifically addressed that question only.

the supervision of an attorney in an unemployment compensation matter before the Unemployment Compensation Insurance Appeals Board of the Department of Economic Security).

In this case, as in *Reed*, Forrest's representation of Employer constituted the unauthorized practice of law despite Employer's perceived "informal nature" of the unemployment hearing and the "relatively small amounts in controversy." It was error to approve such representation.[7]

Accordingly, the Board's decision is hereby vacated, and the matter is remanded to the Board with instructions to remand to the Referee for proceedings consistent with this opinion. This decision shall not apply retroactively but shall only apply to proceedings before the Board filed after the date of this decision.

### *ORDER*

AND NOW, this 3rd day of February, 2005, the order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated and the case is remanded to the Board to remand to the Referee for proceedings consistent with this opinion.

Jurisdiction relinquished.

DISSENTING OPINION BY Judge LEADBETTER.

I must respectfully dissent. Even if we assume, *arguendo*, that TALX UC EXPRESS, a company not affiliated with employer and "in the business of representing other companies in unemployment compensation cases" [majority op. at 730] was engaged in the unauthorized practice of law, I would not reverse the denial of benefits because I believe any error to be harmless. It seems to me beyond reasonable dispute that a person employed in retail sales at a department store commits willful misconduct by telling a customer, even one behaving in an obnoxious manner, to "get your fat ass out of here." No amount of lawyering, or lack thereof, could have changed the result.[1] Therefore, I would not address the important issue of non-lawyer representatives in this context.

Of perhaps even more importance, I find the analysis of the majority to be overbroad and problematic. First, I do not agree that all non-lawyer representatives in these proceedings are practicing law. In my experience, a claimant's representative is most likely to be a family member, and an employer's representative an employee who is also appearing as a witness. They do not purport to have legal expertise, but they do often assist in clarifying factual issues. Moreover, the Board has demonstrated strong and well-reasoned policy grounds for authorizing non-lawyers to participate in this way:

> The statutory and regulatory allowance of non-lawyer representation in unemployment compensation hearings takes into account the informal nature of these proceedings and the relatively small amounts in controversy.

7. Due to this Court's resolution of this issue, we are precluded from addressing Claimant's argument that her conduct did not amount to willful misconduct. This will be for the Referee to decide after a new hearing.

1. The Board characterizes this as a lack of standing. It states:
   The Board questions Claimant's standing on this issue, since its denial of benefits is supported by testimony elicited from her on direct examination without any need to consider the further testimony brought out by Employer's representative through cross-examination. She did not object to proceeding first in this case, even though Employer had the burden of proof, and did not object to Employer's representative until he began cross-examination. (N.T. pp. 3, 7). Consequently, this issue does not affect the case outcome.
   Board's brief at 8, n. 4.

The Supreme Court of Ohio has similarly recognized that the role of lay participants before its unemployment compensation board is not to render legal advice or otherwise practice law; rather, "the purpose of their participation is to facilitate the hearing process by serving as an adjunct to the claimant or employer in the sharing of their respective versions of the circumstances attendant to the claim." *Henize v. Giles,* 22 Ohio St.3d 213, 490 N.E.2d 585, 588 (1986). That court further noted that other states allow lay representation at unemployment hearings and quoted the National Commission on Unemployment Compensation as having "recommended that all state programs permit all parties to a hearing to have representatives of their own choosing, irrespective of whether such representatives are members of the bar." *Id.* (citation omitted).

\* \* \*

An inflexible rule mandating legal counsel for employers in unemployment compensation cases is counterproductive to the unemployment compensation system. If employers were required to obtain legal counsel for every unemployment compensation case, they may not participate at all. Their lack of participation would hinder the fact-finding process by depriving the unemployment compensation authorities of critical information, and allowing undeserving claimants to receive benefits by default.

\* \* \*

The Board's system, which permits non-lawyer representation of parties, facilitates a straightforward and thorough fact-finding process and ensures the payment of benefits when proper.

Board's brief at 10–11, 12 (footnote omitted). Our Supreme Court, in *Rue v. K-Mart Corp.,* 552 Pa. 13, 19–20, 713 A.2d 82, 85–86 (1998), explained that Unemployment Compensation hearings are not designed to be the equivalent of court hearings, but instead are brief and informal proceedings where the rules of evidence do not apply. Indeed, the presiding officer is not necessarily a lawyer.

Even if I believed that all non-lawyer representatives in these proceedings were engaged in the practice of law, I cannot agree that such practice is authorized for claimants but unauthorized for employers. As the Board notes, although stated in less explicit terms for employers than for claimants, its regulations contemplate that both parties in Unemployment Compensation proceedings may be assisted by non-lawyer representatives, and it has consistently maintained a policy allowing both sides to be so represented.[2] This court has explicitly recognized this policy. *See United States Postal Serv. v. Unemployment Comp. Bd. of Review,* 152 Pa. Cmwlth. 603, 620 A.2d 572, 574 (1993).

Nor do I believe that this court can declare that policy invalid as to employers but not claimants. In the ordinary equal protection analysis, an agency must show a valid state interest[3] in order to treat similarly situated parties differently. Here, the Board has shown strong policy reasons for its procedures which treat all parties the same, and this court now requires that

2. The majority bases its interpretation on the express language stating that claimants may be represented by lay persons, but ignores other regulations which refer to all parties' "counsel or authorized agent." *See, e.g.,* 34 Pa.Code § 101.85(a); 34 Pa.Code § 101.105(a); 34 Pa.Code § 101.89; 34 Pa.

Code § 101.110; 34 Pa.Code § 101.104(b); 34 Pa.Code § 101.130(a) and (e); 34 Pa.Code § 101.131(c).

3. The degree of state interest which must be established will vary depending upon the classification at issue. *Probst v. Dep't of Transp.,*

it discriminate.[4]  Indeed, it does so without even articulating how such discrimination furthers any governmental interest.[5]  This decision not only mandates a sea change in the nature of Unemployment Compensation proceedings, but creates equal protection problems where none currently exist. In short, I would not meddle in a system that seems to be working.

For all of the reasons stated above, I would affirm the order of the Board.

Judge COHN JUBELIRER joins in this dissenting opinion.

*Bureau of Driver Licensing*, 578 Pa. 42, 55–58, 849 A.2d 1135, 1143–44 (2004).  Here, presumably, only a rational basis for the discrimination would be required.

4.  The majority seems to justify such discrimination by stating that "corporations must be represented by legal counsel."  Maj. op. at 732.  While many tribunals have such a rule, the Unemployment Compensation Board does not.  More fundamentally, not all employers are corporations and, of those that are, many are small businesses with limited sophistication and resources.

5.  Ironically, it seems to me that, although employers may have increased costs if we require that they hire counsel, it may be claimants who ultimately suffer if they or their lay representatives are outmatched at hearings in which the only lawyer in the room represents the employer.