**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| GARY H. POWELL | : | No. 38 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Commonwealth Court at No. 1704 CD |
| | : | 2014 dated November 6, 2015 Vacating |
| | : | & Remanding the Order of the UCBR at |
| UNEMPLOYMENT COMPENSATION | : | No. B-13-09-D-B064 dated August 13, |
| BOARD OF REVIEW | : | 2014. |
| | : | |
| JOE KRENTZMAN & SONS, INC., | : | SUBMITTED: September 14, 2016 |
| | : | |
| Intervenor | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: UNEMPLOYMENT | : | |
| COMPENSATION BOARD OF REVIEW | : | |

**OPINION**

JUSTICE DOUGHERTY                                    DECIDED: March 28, 2017

We granted discretionary review to consider whether an attorney who has been suspended from the practice of law by this Court may represent a claimant in unemployment compensation proceedings. A divided three-judge panel of the Commonwealth Court determined the claimant is entitled to his choice of representative, even if that representative is a suspended attorney, and remanded for a new hearing. We affirm the decision to remand, but reverse the Commonwealth Court's holding that a suspended attorney may represent claimants in unemployment compensation proceedings.

This case arises from the unemployment compensation claim filed by appellee Gary H. Powell.[1] The Unemployment Compensation Service Center determined appellee was ineligible to receive benefits pursuant to Section 402(b) of the Unemployment Compensation Law (the UC Law) because he voluntarily quit his job with Joe Krentzman & Sons (employer), without "cause of a necessitous and compelling nature." *See* 43 P.S. §802(b) (employee ineligible for compensation when unemployment is due to voluntarily leaving work without cause of necessitous and compelling nature). Appellee challenged the finding and referee Brian L. Parr scheduled a hearing to review appellee's claim. Appellee arrived at the hearing on December 5, 2013, with Donald A. Bailey, who stated he was present as appellee's *pro bono* advocate. Bailey admitted he was suspended from practicing law, by order of this Court dated October 2, 2013, for a period of five years.[2] Original Record (O.R.) at Item 12, Notes of Testimony (N.T.) 12/5/13 at 1. Referee Parr allowed Bailey to participate in

---

[1] Appellee Powell is *pro se* in this appeal.

[2] The Court's order stated, in relevant part:

> **AND NOW**, this 2nd day of October, 2013, upon consideration of the Report and Recommendations of the Disciplinary Board dated May 1, 2013…it is hereby ORDERED that Donald A. Bailey is suspended from the Bar of this Commonwealth for a period of five years and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

*Office of Disciplinary Counsel v. Bailey*, No. 1760 DD3, 2013 Pa. LEXIS 2269 (Pa. Oct. 2, 2013) (*per curiam*). Bailey's suspension was based on violations of Pennsylvania Rule of Professional Conduct (Pa.R.P.C.) 4.1(a) (lawyer shall not knowingly make a false statement of material fact or law), Pa.R.P.C. 8.2(a) (lawyer shall not make a statement that he knows to be false or with reckless disregard for its truth or falsity), and Pa.R.P.C. 8.4(c) (lawyer shall not engage in conduct involving fraud, dishonesty, deceit or misrepresentation). Report and Recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania at 16, http://www.padisciplinaryboard.org/look-up/pa-attorney-search.php (last visited on December 7, 2016).

the hearing, which proceeded until Parr continued the matter to allow service of subpoenas on necessary fact witnesses.

Prior to further proceedings on appellee's claim, however, employer, which had been previously acting *pro se*, obtained counsel. Employer's counsel promptly objected to Bailey's participation, asserting Pennsylvania Rule of Disciplinary Enforcement 217(j)(4)(vii), Pa.R.D.E. 217(j)(4)(vii), prohibits a suspended attorney from appearing in any hearing or proceeding before a referee.[3] Bailey was given the opportunity to rebut employer's argument that Disciplinary Enforcement Rule 217 prohibited his participation and he did so by letter, directing employer's attorney to review the language of the notice of hearing sent to each party, which expressly advised appellee he could "represent [him]self or [he] may be represented by an attorney or any other advocate of [his] choice." O.R. at Items 7, 14. *See also* Section 214 of the UC Law, 43 P.S. §774 ("Any party in any proceeding under this act before the department, a referee or the board may be represented by an attorney or other representative.").

After consulting with Unemployment Compensation Board of Review (UCBR) counsel, newly assigned referee Susan G. Hess, by letter dated February 6, 2014, informed Bailey he would not be allowed to represent appellee and directed Bailey to notify appellee he could engage other representation. O.R. at Item 22. Referee Hess then conducted further proceedings on March 26, 2014, which appellee attended with Andrew J. Ostrowski. Referee Hess determined through questioning that Ostrowski's

---

[3] Disciplinary Enforcement Rule 217 provides, in relevant part, "a formerly admitted attorney is specifically prohibited from engaging in any of the following activities:…appearing on behalf of a client in any hearing or proceeding or before any judicial officer, arbitrator, mediator, court, public agency, referee, magistrate, hearing officer or any other adjudicative person or body." Pa.R.D.E. 217(j)(4)(vii). The term "formerly admitted attorney" expressly includes suspended or administratively suspended attorneys. Pa.R.D.E. 102(a).

attorney license had also been suspended.[4]   O.R. at Item 30, N.T. 3/26/14 at 1. Referee Hess then gave Ostrowski the opportunity to argue why Disciplinary Enforcement Rule 217 did not preclude his participation in the hearing, *id.*, N.T. at 1-2, and ultimately concluded Ostrowski would be permitted only to observe the proceedings.   Appellee thereafter represented himself, and following the hearing, Referee Hess determined appellee was ineligible to receive benefits.

On appeal, the UCBR affirmed the denial of benefits and also concluded the referee properly excluded Bailey and Ostrowski from representing appellee.  The UCBR opined Referee Hess had correctly addressed the representation issue by notifying Bailey and the parties that appellee was not permitted to have a suspended attorney as a representative at the continued hearing.  UCBR Decision at 3.  The UCBR concluded Disciplinary Enforcement Rule 217(j)(4)(vii) barred Ostrowski from participating in the

---

[4] This Court's order stated, in relevant part:

> **AND NOW**, this 9th day of February, 2010, upon consideration of the Report and Recommendations of the Disciplinary Board dated October 30, 2009…it is hereby ORDERED that Andrew J. Ostrowski is suspended from the Bar of this Commonwealth for a period of one year and one day and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

*Office of Disciplinary Counsel v. Ostrowski*, No. 1556 DD3, 2010 Pa. LEXIS 114 (Pa. Feb. 9, 2010) (*per curiam*).   Ostrowski's suspension was based on violations of Pa.R.P.C. 1.1 (lawyer shall provide competent representation to a client), Pa.R.P.C. 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client), Pa.R.P.C. 1.15(a) and (b) (safekeeping of property), and Disciplinary Enforcement Rule 217(e) (formerly admitted attorney shall file verified statement with this Court showing compliance with Rule 217).  Report and Recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania at 11-12, http://www.padisciplinaryboard.org/look-up/pa-attorney-search.php (last visited on December 7, 2016).  At the time of the hearing, Ostrowski was eligible to seek reinstatement to the practice of law by this Court.  However, at that time, Ostrowski had not been reinstated by this Court, and thus remained suspended from the Bar.  *See* Pa.R.D.E. 218(a)(1) (attorney, who was suspended for more than one year, may not resume practice until reinstatement by order of the Supreme Court).

hearing, appellee had a sufficient opportunity to find proper legal or non-legal representation, and appellee received a full and fair hearing, with the opportunity to testify and submit evidence and cross-examine the employer's witnesses. *Id.*

Appellee filed a *pro se* petition for review in the Commonwealth Court and employer intervened. A divided panel of the Commonwealth Court vacated the UCBR's ruling and remanded the matter for a new hearing. *Powell v. UCBR*, 128 A.3d 315 (Pa. Cmwlth. 2015).[5] The majority analyzed the interplay between Section 214 of the UC Law, the reasoning of the Opinion Announcing the Judgment of the Court (OAJC) in *Harkness v. UCBR*, 920 A.2d 162 (Pa. 2007),[6] and Disciplinary Enforcement Rule 217.

The Commonwealth Court acknowledged Disciplinary Enforcement Rule 217 specifically prohibits formerly admitted or suspended attorneys — such as Bailey and Ostrowski — from "appearing on behalf of a client in any hearing or proceeding or before any judicial officer, arbitrator, mediator, court, public agency, referee, magistrate, hearing officer or any other adjudicative person or body." *Powell*, 128 A.3d at 320, *quoting* Pa.R.D.E. 217(j)(4)(vii) (emphasis omitted). The court also recognized Section 214 of the UC Law allows a party in unemployment compensation proceedings to be represented by "an attorney or other representative," including non-attorneys. The court then noted that, in *Harkness*, the OAJC concluded representation of a party before a

---

[5] Judge Brobson authored the majority opinion and was joined by Judge McCullough. Judge McGinley dissented without opinion. Prior to issuing its final decision, the Commonwealth Court issued an earlier order and opinion, *Powell v. UCBR*, 1704 C.D. 2014, 2015 Pa. Commw. LEXIS 398 (Pa. Cmwlth. Sept. 17, 2015), but withdrew it upon motion for reconsideration, *Powell v. UCBR,* No. 1704 C.D. 2014, 2015 Pa. Commw. LEXIS 484 (Pa. Cmwlth. Nov. 6, 2015), and on the same day substituted the opinion found at 128 A.3d 315.

[6] The *Harkness* OAJC was authored by Chief Justice Cappy, and joined by Justice Baer. Justice Saylor concurred in the result only, without opinion. Justice Eakin wrote a dissenting opinion, which was joined by Justice Castille. Former Justices Nigro and Newman did not participate.

unemployment compensation referee does not constitute the practice of law because such proceedings are "largely routine and primarily focused on creating a factual basis, or record, by which the referee can render a decision" and the nature of the proceedings is remedial and designed to be brief and informal. *Powell*, 128 A.3d at 320, *quoting Harkness*, 920 A.2d at 166, 168-69 (OAJC).

The Commonwealth Court concluded the UCBR improperly precluded suspended attorneys Bailey and Ostrowski from representing appellee because Section 214 of the UC Law gives a party the statutory right to choose his representative before an unemployment compensation referee, and under *Harkness* such representation does not constitute the practice of law. *Powell*, 128 A.3d at 320. The court rejected the UCBR's reliance upon the Disciplinary Enforcement Rules for its contrary decision because, in its view, enforcement of the Disciplinary Enforcement Rules falls within the exclusive authority of the Pennsylvania Supreme Court and the Disciplinary Board. *Id.* at 321, *citing* Pa.R.D.E. 201(a) (exclusive disciplinary jurisdiction of Supreme Court and Disciplinary Board under these rules extends to attorney admitted to practice law in Commonwealth and formerly admitted attorney). The court acknowledged this Court previously held a suspended attorney in contempt for violation of Disciplinary Enforcement Rule 217(j) for representing claimants in unemployment proceedings. *Powell*, 128 A.3d at 321, *citing In the Matter of David Louis Bargeron,* No. 1073 DD3, 2011 Pa. LEXIS 1695, at *1 (Pa. July 27, 2011) (*per curiam*) (holding suspended attorney in contempt of Rule 217(j) and ordering attorney to immediately cease and desist from all activities in connection with representation of claimants and employers in unemployment compensation proceedings and comply with all provisions of Rule 217). The Commonwealth Court nevertheless concluded it was more consistent with Section 214 of the UC Law and Disciplinary Enforcement Rule 217(j) for the referee to allow a

suspended attorney to participate, advise him that his continued representation could subject him to sanctions for violation of Disciplinary Enforcement Rule 217, and report the attorney to the Disciplinary Board for further action as in *Bargeron*. *Powell*, 128 A.3d at 321.

The UCBR filed a petition for allowance of appeal, and we granted review of the following question: "Should a Commonwealth agency be required to allow a suspended attorney to represent a party in its hearings and proceedings?" *Powell v. UCBR (Joe Krentzman & Sons, Inc.)*, 134 A.3d 448 (Pa. 2016).

The UCBR asserts the Commonwealth Court's decision undermines the attorney disciplinary system created to protect legal consumers from persons found unqualified to serve as attorneys. The UCBR argues the Commonwealth Court ignored the plain language of Section 214 of the UC Law which authorizes representation by either an "attorney" or "other representative" and Bailey and Ostrowski fall in neither category as they are "formerly admitted attorneys." UCBR Brief at 12-13. In the UCBR's view, the court's reliance on *Harkness* is misplaced because the two-Justice OAJC addressed representation by non-attorneys, but did not account for "formerly admitted attorneys" who have been suspended and therefore are prohibited by the Disciplinary Enforcement Rules from appearing before a referee. According to the UCBR, the Disciplinary Enforcement Rules do not simply govern the practice of law, but also the conduct of attorneys and formerly admitted attorneys. *Id.* at 13-14, *citing* Pa.R.D.E. 201(a) (exclusive jurisdiction of Supreme Court and Disciplinary Board extends to any formerly admitted attorney whose actions constitute violation of Disciplinary Enforcement Rules). The UCBR argues this Court — through disciplinary proceedings — determined Bailey and Ostrowski were unqualified to represent clients when they purported to represent appellee, and the ruling below subverts this determination.

In addition, the UCBR rejects the Commonwealth Court's conclusion that Referee Hess, by precluding Bailey and Ostrowski from representing appellee, was improperly prosecuting and enforcing the Disciplinary Enforcement Rules. The UCBR argues instead the referee was simply honoring this Court's suspension orders. The UCBR contends this Court's disciplinary authority will be undermined if an agency allows a suspended attorney to violate the Disciplinary Enforcement Rules by appearing before the agency as a party's representative. The UCBR further argues the Commonwealth Court's decision frustrates the public protection aspects of those Rules. The UCBR asserts the process outlined by the Commonwealth Court involving an after-the-fact complaint to the Disciplinary Board about a suspended attorney's participation in agency proceedings does not undo or mitigate harm that may have occurred to the parties or to the timeliness and accuracy of the unemployment compensation adjudicative process. The UCBR posits allowing representation of a party by a suspended attorney creates potential error in agency proceedings and undermines the finality of agency decisions.

The Office of Disciplinary Counsel (ODC) filed an *amicus curiae* brief in support of the UCBR's position. The ODC argues the UCBR is authorized to prohibit suspended attorneys from representing clients in unemployment compensation proceedings and the UCBR did not invade this Court's jurisdiction in affirming the referee's decision to do so here. The ODC notes suspended attorneys are qualitatively different from non-lawyer representatives who may otherwise appear before agencies on behalf of claimants — suspended attorneys are not only prohibited from the practice of law, but also from conducting other law-related activities. Amicus Brief at 19-20, *citing* Pa.R.D.E. 217(j)(4)(vii) (formerly admitted attorney prohibited from appearing before administrative referees or boards). According to the ODC, the distinction

between suspended attorneys and non-lawyer representatives is based not on legal ability, a characteristic rendered immaterial by the *Harkness* plurality's conclusion that proceedings before the UCBR do not constitute the practice of law, but on the basis of the lack of ethical fitness to act as an advocate. The ODC argues the UCBR properly exercised its authority pursuant to Section 503 of the Administrative Agency Law, which provides an "agency may, upon hearing and good cause shown, preclude any person from practice before it." *See* 2 Pa.C.S. §503. The ODC posits the Commonwealth Court's decision actually contravenes this Court's authority by permitting a suspended attorney to ignore the Court's suspension orders. Further, the Commonwealth Court's decision places referees in an ethical quandary because allowing a suspended attorney to violate Disciplinary Enforcement Rule 217 may be seen as assisting in a violation of the Rules of Professional Conduct, which itself may be professional misconduct. Amicus Brief at 22-23, *citing* Pa.R.P.C. 8.4 (professional misconduct includes engaging in conduct prejudicial to administration of justice). The ODC also contends the Commonwealth Court's analysis is faulty based upon an overly broad interpretation of the term "enforce," as used in the court's theory the referee and UCBR overstepped their bounds by "enforcing" the Court's order. The ODC asserts a referee's refusal to participate in or to allow a violation of the law does not amount to unauthorized "enforcement" of this Court's order.

Appellee argues the UCBR was without jurisdiction to deny him his right to the representative of his choice and by doing so violated his rights under Pennsylvania law, the Pennsylvania Constitution and the First, Seventh and Fourteenth Amendments to the United States Constitution. Appellee argues pursuant to *Harkness* and *Bargeron* he was entitled to be represented by Bailey and Ostrowski and that the referee had no right to determine who "any other representative was." Appellee's Brief at 7, 9. Appellee

asserts the referee's decision left him unable to "defend" himself or "present his case" and "denied [him] a lawful hearing." *Id.* at 4, 7. Appellee summarily alleges the UCBR violated his rights to equal protection and substantive due process by denying him the representation of his choice. He further "objects to the unconstitutional nature of the vaguely and in-artfully composed" Disciplinary Enforcement Rules and the unconstitutional way those rules were applied to him by the UCBR, which did not have the authority to deny him "the representation of 'other representatives' such as Mr. Bailey and Mr. Ostrowski." *Id.* at 10.

As the issue before us involves a pure question of law, our standard of review is *de novo* and our scope of review is plenary. *Harkness*, 920 A.2d at 166 n.2, *citing Buffalo Twp. v. Jones*, 813 A.2d 659, 664 n.4 (Pa. 2002). Our careful review reveals the Commonwealth Court erred in reversing the UCBR and directing it to allow individuals who have been suspended from the practice of law to participate in unemployment compensation proceedings on behalf of a claimant. We consider suspended attorneys to be different from non-lawyer representatives who are authorized to participate in unemployment compensation matters pursuant to Section 214 of the UC Law. Instead, suspended attorneys are individuals who have actually been sanctioned by this Court for violations of the Rules of Professional Conduct and now are "formerly admitted attorneys" who are expressly prohibited from appearing on behalf of a client "in any hearing or proceeding" pursuant to Disciplinary Enforcement Rule 217(j)(4)(vii). Suspended attorneys may therefore not act as the non-lawyer representatives referred to in Section 214. We reject appellee's claim he has a constitutional right to be represented by suspended attorneys who have been specifically precluded by this Court's rules from acting as his representative.

The Pennsylvania Constitution vests this Court with the authority to regulate the practice of law. PA. CONST. art. V, §10(c) ("The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts,…including the power to provide for...admission to the bar and to practice law…."). Pursuant to its authority, "this Court has adopted Rules of Professional Conduct and Rules of Disciplinary Enforcement, which govern the conduct and discipline of attorneys." *Commonwealth v. Stern*, 701 A.2d 568, 571 (Pa. 1997); *see also* Pa.R.D.E. 103 ("The Supreme Court declares that it has inherent and exclusive power to supervise the conduct of attorneys who are its officers (which power is reasserted in Section 10(c) of Article V of the Constitution of Pennsylvania) and in furtherance thereof promulgates these rules.").

We first review this Court's OAJC in *Harkness*, on which the Commonwealth Court relied but which we conclude is inapposite. In *Harkness*, the employer was represented in unemployment compensation proceedings by a tax consultant who was not — and never was — an attorney. The referee allowed the representation over the claimant's objection, and the UCBR affirmed on appeal. The *en banc* Commonwealth Court reversed, determining it was error to allow a non-attorney tax consultant to represent the employer. *Harkness v. UCBR*, 867 A.2d 728 (Pa. Cmwlth. 2005) (en banc), *rev'd by Harkness v. UCBR*, 920 A.2d 162 (Pa. 2007). The court ruled the employer's tax consultant was improperly engaging in the practice of law because he conducted cross-examination of witnesses, made decisions regarding evidentiary matters and offered closing legal arguments; the court found such practice by a non-lawyer was prohibited by *Shortz v. Farrell,* 193 A. 20 (Pa. 1933),[7] and the UC Law, as

_____

[7] In *Shortz*, this Court held an insurance adjuster who prepared and filed pleadings, appeared at hearings before referees, examined and cross-examined witnesses and in (continued…)

well as regulations promulgated pursuant to the UC Law. *Harkness*, 867 A.2d at 731, *citing* 43 P.S. §862 (limiting fees charged by counsel or other duly authorized agent representing individuals); 34 Pa. Code §101.41 (approval of counsel fees for individuals represented by counsel or authorized agent). Notably, the court examined Section 702 of the UC Law, 43 P.S. §862, which addresses limitations on fees sought by a **claimant's** counsel or duly authorized agents, and concluded because Section 702 addressed only fees for a **claimant's** counsel or agent, the UC Law did not authorize non-lawyer representation for **employers**. *Id.* at 732 n.6. Thus, the Commonwealth Court held only a claimant — and not an employer — could be represented by a non-lawyer in unemployment compensation proceedings. *Id.* at 731-32.

This Court granted allocatur to consider "whether a non-employee, non-lawyer may represent an employer in unemployment compensation proceedings." *Harkness*, 920 A.2d at 166 (OAJC). A plurality reversed the Commonwealth Court, with two justices reasoning that a non-attorney representing an employer in unemployment compensation proceedings does not constitute the unauthorized practice of law, and otherwise does not violate the relevant UC Law provisions. *Id.* at 169 (OAJC). First, the *Harkness* OAJC states the character of the activities performed in unemployment compensation proceedings, together with the informal nature of those proceedings, the minimal monetary amounts at issue and the long history of non-lawyer representative participation suggested the public did not need the protection that serves as the basis for classifying certain activities as the practice of law. *Id.* at 168. Second, the OAJC notes the wording of other provisions of the UC Law demonstrates both employers and claimants may be represented by non-lawyers. *Id.* at 170-71, *citing* 43 P.S. §822

(…continued)
general conducted litigation in workmen's compensation cases was engaged in the unauthorized practice of law. *Shortz,* 193 A. at 21.

(parties and their attorneys or other representatives of record shall be notified of time and place of hearing and referee's decision).[8]

The legal conclusions expressed in the *Harkness* OAJC in no way alter our analysis of the issue before us because that case is distinguishable on its facts. *Harkness* involved a non-lawyer tax consultant and the case revolved, in substantial part, around the distinction between who may represent claimants and who may represent employers. Moreover, the critical question regarding which party may engage a non-lawyer representative in unemployment compensation proceedings was definitively resolved by the General Assembly after the hearing in that case, and while the matter was on appeal. *See* 43 P.S. §774 ("Any party in any proceeding under this act before the department, a referee or the board may be represented by an attorney or other representative."); *see also Harkness*, 920 A.2d at 171 (Eakin, J., dissenting, joined by Castille, J.).

In any event, notwithstanding the statements in the *Harkness* OAJC regarding non-lawyer representatives and the nature of unemployment compensation proceedings, as well as Justice Todd's similar statements in dissent regarding "non-attorneys," it is clear suspended attorneys like Bailey and Ostrowski are in a different class from "non-lawyer representatives" who may appear on behalf of any party in unemployment compensation proceedings. Suspended attorneys are "formerly

---

[8] The dissent opined the tax representative was engaged in the unlawful practice of law under *Shortz*. *Harkness*, 920 A.2d at 171 (Eakin, J., dissenting, joined by Castille, J.). The dissent also observed that, following the underlying unemployment compensation hearing, the General Assembly enacted Section 214 of the UC Law, expressly allowing any party to be represented by "an attorney or other representative." In the dissent's view, the "other representative" language encompasses a corporate officer or member of the employer's own staff, but does not include a non-employee representative because allowing such representation would infringe on this Court's authority to regulate the practice of law, including defining the practice of law. *Id.* at 172.

admitted attorneys" who remain subject to the Disciplinary Enforcement Rules and the terms of this Court's orders relating to their suspensions. Specifically, the suspension orders in this case provided Bailey and Ostrowski "shall comply with all the provisions of Rule 217, Pa.R.D.E." *Bailey*, 2013 Pa. LEXIS 2269, at *1; *Ostrowski*, 2010 Pa. LEXIS 114, at *1. Rule 217 expressly prohibits these attorneys from "appearing on behalf of a client in any hearing or proceeding or before any judicial officer, arbitrator, mediator, court, public agency, referee, magistrate, hearing officer or any other adjudicative person or body." Pa.R.D.E. 217(j)(4)(vi). The Commonwealth Court's conclusion that the unemployment compensation referee and the UCBR could not apply the terms of Rule 217 and this Court's suspension orders in its tribunals was error.

Our decision is informed by an understanding that the purpose of the attorney disciplinary process, including proceedings which may result in this Court's issuance of suspension or disbarment orders, is to determine whether an attorney is fit to act as an advocate in legal and law-related activities and proceedings. *See Office of Disciplinary Counsel v. Campbell*, 345 A.2d 616, 620 (Pa. 1975) (purpose of disciplinary proceedings is not punishment, but rather to determine fitness of officer of the court to continue in that capacity). Moreover, orders of suspension or disbarment are designed to protect the public from attorneys who have been deemed unfit and to maintain the public's regard for a profession imbued with its trust. *Id.* The reports and recommendations returned to this Court by the Disciplinary Board in both Bailey's and Ostrowski's disciplinary proceedings recommended suspension in order to accomplish these salutary objectives. Moreover, the Court's orders specifically directed Bailey and Ostrowski to comply with the provisions of Disciplinary Enforcement Rule 217 while they remained suspended. *Bailey*, 2013 Pa. LEXIS 2269, at *1; *Ostrowski*, 2010 Pa. LEXIS

114, at *1.[9]  Consequently, this Court determined Bailey and Ostrowski were unfit at all relevant times to appear on behalf of an individual "in any hearing or proceeding or before any judicial officer, arbitrator, mediator, court, public agency, referee, magistrate, hearing officer or any other adjudicative person or body."  Pa.R.D.E. 217(j)(4)(vi).

We also conclude the referee and UCBR did not infringe upon this Court's jurisdiction over attorney discipline as argued by appellee.  Indeed, in precluding participation by suspended attorneys, the lower tribunals were actually recognizing and upholding the force and effect of this Court's orders with regard to the two attorneys' suspended status.[10]  *Cf. Slater v. Rimar, Inc.*, 338 A.2d 584, 589 (Pa. 1975) (although breaches of Rules of Professional Conduct may be subject of disciplinary action, trial courts need not await such proceedings, but may restrain improper conduct pursuant to court's inherent power to control pending proceedings and a duty to supervise conduct

---

[9]  Because the suspension orders are enforceable specifically against them as individuals, it was incumbent upon Bailey and Ostrowski as formerly admitted attorneys to decline the opportunity to represent appellee.  *See, e.g.,* Pa.R.D.E. 217(a) (formerly admitted attorney must notify clients of suspension status and advise clients to seek legal advice elsewhere); Pa.R.D.E. 217(b) (formerly admitted attorney must notify clients involved in pending administrative proceedings of suspension); Pa.R.D.E. 217(c)(3) (formerly admitted attorney must give notice of suspension to "any other tribunal, court, agency or jurisdiction in which attorney is admitted to practice"); Pa.R.D.E. 217(e)(1) (formerly admitted attorney must file with Secretary of the Disciplinary Board verified statement of compliance with Pa.R.D.E. 217).  This duty is distinct and separate from appellee's statutory right to select a representative. 43 P.S. §774.

[10]  The dissent notes the UCBR as an executive agency is not bound by this Court's suspension orders.  Dissenting Slip Op. (Todd, J. dissenting) at 6-7.  There is no dispute, however, that formerly admitted attorneys appearing before the Board are surely bound by this Court's suspension orders.  *See, e.g.*, Pa.R.D.E. 217(j) (formerly admitted attorney may not engage in any form of law-related activities in the Commonwealth except in limited circumstances).  Accordingly, the UCBR correctly gave due deference to this Court's conclusion the suspended attorneys were unfit to represent clients in any hearing or proceeding or before a referee or any other adjudicative person or body.

of lawyers appearing before court).[11]  Moreover, the referee's decision to preclude participation by the suspended attorneys is supported by separate statutory authority. *See, e.g.*, 2 Pa.C.S. §503 ("Any Commonwealth agency may, upon hearing and good cause shown, preclude any person from practice before it.").  The Commonwealth Court's suggested alternative method of confronting the problem of suspended attorneys appearing in agency proceedings — allowing participation but referring the attorney to the Disciplinary Board — does not mitigate the harm to the party, and actually undermines the timeliness and finality of the UC adjudicative process, where a party might later have reason to object to the award based on participation of an ethically or otherwise compromised attorney.  *See, e.g.,* 34 Pa. Code §101.104(c)(2) (pursuant to Section 504 of UC Law, 43 P.S. §824, UCBR, in its discretion, may remand to referee to take additional evidence if  "[i]t appears that there may have been a denial of a fair hearing under the rules").  *Cf. Johnson v. WCAB*, 321 A.2d 728, 730 (Pa. Cmwlth. 1974) (proof that claimant's counsel was incompetent might constitute good cause to allow rehearing).

With regard to appellee's constitutional argument the referee and the UCBR violated his rights to equal protection and substantive due process by denying him the representative of his choice, we note neither the United States Constitution nor the Pennsylvania Constitution guarantees the right to representation in civil proceedings,

---

[11]  We recognize unemployment compensation referees are not imbued with the same powers as a trial court, but they are nevertheless authorized to regulate the course of hearings and to take other action necessary or appropriate to the discharge of the duties vested in them.  *See* 1 Pa. Code §35.187(1), (10) ("Presiding officers…shall have the authority, within the powers and subject to the regulations of the agency," to regulate the course of hearings and to "…take other action necessary or appropriate to the discharge of the duties vested in them, consistent with the statutory or other authorities under which the agency functions and with the regulations and policies of the agency.").

although such right is guaranteed in criminal proceedings. *See, e.g.*, U.S. CONST. Amend. 6 ("In all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defence."); PA. CONST. Art. I, §9 ("In all criminal prosecutions the accused hath a right to be heard by himself and his counsel…"). To the extent the United States Supreme Court suggested in *Powell v. Alabama*, 287 U.S. 45 (1932), albeit in *dicta*, that a court's refusal to hear a party's representative in a civil case could constitute a denial of due process, the High Court conditioned its statement on the court's refusal being "arbitrary," which is clearly not the case here. *Id.* at 69 ("If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense."). Even in the context of criminal proceedings, this Court has opined "the right to be represented by counsel of one's own choice is not absolute, however. The right to counsel may be impaired or eliminated by state regulation which is designed to provide for overriding state interest…." *Commonwealth v. Hess*, 617 A.2d 307, 314 (Pa. 1992). Thus, a party's right to a representative or counsel of choice may be circumscribed where necessary, particularly in a case like this one, which is expressly encompassed by the restrictions of this Court's suspension order and Disciplinary Enforcement Rule 217. Appellee has provided no applicable support for his claim of constitutional entitlement, and in light of this Court's clear authority to establish standards for the conduct of attorneys in order to protect the public from unfit advocates and thereby maintain the public's confidence in the legal system, we conclude appellee is not entitled to be represented by a suspended or disbarred attorney in unemployment compensation proceedings.

Accordingly, we affirm the Commonwealth Court's decision to remand for further proceedings, but reverse its holding a suspended attorney may represent claimants in unemployment compensation proceedings. The matter is remanded for further proceedings consistent with this opinion, including a hearing before an unemployment compensation referee during which appellee may choose to proceed *pro se* or with qualified representation.[12]

Affirmed in part and reversed in part. Jurisdiction relinquished.

Chief Justice Saylor and Justices Donohue, Wecht and Mundy join the opinion.

Justice Baer files a concurring and dissenting opinion.

Justice Todd files a dissenting opinion.

---

[12] We recognize Justice Baer would not allow appellee another opportunity to obtain eligible representation at a new hearing. The position has facial appeal. However, we note the legal landscape before today's decision included *Harkness, supra,* where this Court held — in a different context — that representation of individuals in unemployment compensation hearings did not constitute the practice of law, and may have been read to support appellee's decision to hire suspended attorneys. As the question regarding suspended attorneys has now been squarely presented and addressed for the first time in this case, we consider a remand the proper course.